JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, James Dawson, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant filed his complaint against Blockbuster, Inc. on January 3, 2005. Appellant alleged violations of the Ohio Consumers Sales Practices Act, R.C.1345.01, the Ohio Deceptive Trade Practices Act, R.C. 4165.01, fraudulent concealment, and breach of implied covenant of good faith and fair dealing or unjust enrichment.
 {¶ 3} Appellee filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6), on March 14, 2005. Appellant filed his brief in opposition on March 24, 2005. On May 20, 2005, the trial court sustained appellee's motion to dismiss and issued its judgment entry and opinion, which was journalized on May 24, 2005. On May 31, 2005, appellee filed a motion for clarification. The trial court granted the motion and issued a nunc pro tunc order, which was journalized on June 7, 2005.
 {¶ 4} Appellant filed a timely notice of appeal on May 27, 2005. On June 22, 2005, appellant filed an amended notice of appeal, instanter. This court granted said motion on June 23, 2005. Appellant filed an amended notice of appeal on June 23, 2005.
 {¶ 5} According to the facts, in late August 1998, appellant received, as a birthday gift, a fifteen dollar Blockbuster gift card (gift card number 1) in a sealed Blockbuster package. Shortly after receiving the gift card, appellant misplaced it. On or about September 15, 2004, appellant found the misplaced gift card, opened the sealed package and removed the fifteen dollar gift card enclosed therein. The verbiage on the card stated that the card "expires December 31, 2000." There was no expiration date printed on the sealed package.
 {¶ 6} In late August 2001, appellant received a ten dollar Blockbuster gift card (gift card number 2) as a birthday gift. This gift card was affixed to a gift card hangtag. The verbiage on the hangtag stated the following: "After 24 months of non-use of this gift card, a monthly service fee of $2 will be charged per month against any remaining positive balance on the gift card commencing on or about the first day of the 25th month, until the gift card balance is zero." The hangtag for gift card number 2 also stated: "Your use of the Blockbuster gift card constitutes your acceptance of these terms." Shortly after receiving the gift card, appellant misplaced the card and never used it. On or about September 15, 2004, appellant found the ten dollar gift card that had been misplaced; however, the card was now without value.
 {¶ 7} In late August 2000, appellant receive a twenty dollar Blockbuster gift card (gift card number 3) in a sealed Blockbuster package. The gift card was misplaced prior to any use by appellant. On or about September 15, 2004, appellant found this misplaced card, gift card number 3. On the back of gift card number 3, which was inside a sealed package, was the verbiage "expires Dec. 31, 2002." The verbiage contained on the back of the gift card could not be read without removing the gift card from the sealed package. The verbiage on the package did not state that there was any expiration date for the gift card contained therein.
 {¶ 8} Because of the expiration date, December 31, 2002, gift card number 3 had no store value to appellant. In September 2004, an employee of the Richmond Heights Blockbuster store informed appellant that his three gift cards had no value.
 II. {¶ 9} Appellant's first assignment of error states the following: "The trial court erred to the prejudice of the appellant and abused its discretion by finding that the facts, as set forth in appellant's complaint, failed to state a claim that appellee violated R.C. § 1345.01 et seq."
 {¶ 10} Appellant's second assignment of error states the following: "The trial court erred to the prejudice of the appellant and abused its discretion by finding that the facts, as set forth in appellant's complaint, failed to state a claim that appellee violated R.C. § 4165.01 et seq."
 {¶ 11} Appellant's third assignment of error states the following: "The trial court erred to the prejudice of the appellant and abused its discretion by finding that the facts, as set forth in appellant's complaint, failed to state a claim that appellee's course of conduct against the appellant constituted fraudulent concealment."
 {¶ 12} Appellant's fourth assignment of error states the following: "The trial court erred to the prejudice of the appellant and abused its discretion by dismissing his complaint under Civ.R. 12(B)(6) without addressing whether said complaint set forth facts that would entitle him to relief for either breach of implied covenant of good faith and fair dealing or unjust enrichment."
 III. {¶ 13} Appellant argues that the trial court abused its discretion and violated R.C. 1345.01,[1] R.C.4165.01,[2] engaged in fraudulent concealment and breached the implied covenant of good faith and fair dealing or unjust enrichment.
 {¶ 14} The standard of review for such matters is to determine whether the trial court abused its discretion in reaching its judgment. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. Mobberly v.Hendricks (1994), 98 Ohio App.3d 839, 845. The Ohio Supreme Court has explained as follows:
"An abuse of discretion involves far more than a difference inopinion. The term discretion itself involves the idea of choice,of an exercise of will, of a determination made between competingconsiderations. In order to have an `abuse' in reaching suchdetermination, the result must be so palpably and grosslyviolative of fact and logic that it evidences not the exercise ofwill but the perversity of will, not the exercise of judgment butdefiance thereof, not the exercise of reason but rather ofpassion or bias."
Id. at 845-846, quoting Huffman v. Hair Surgeons, Inc.
(1985), 19 Ohio St.3d 83, 87.
 {¶ 15} An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1 (1991),57 Ohio St.3d 135; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 16} R.C. Chapter 1345, the Ohio Consumer Sales Practices Act ("OCSPA"), sets forth the standards of conduct for the supplier of consumer goods. R.C. 1345.02 makes actionable certain practices which it characterizes as deceptive. Funk v.Montgomery AMC/Jeep/Renault (1990), 66 Ohio App.3d 815, 823.
 {¶ 17} R.C. 1345.02(A), unfair or deceptive consumer sales practices prohibited, states the following: "(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."
 {¶ 18} R.C. 1345.03(A), unconscionable consumer sales practices, states the following: "(A) No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."
 {¶ 19} Appellant is not a consumer as defined by the OCSPA. Appellant received all three gift cards as gifts for various birthdays. As previously mentioned, R.C. 1345.01(D) defines the consumer protected by the act as a person who engages in a consumer transaction with a supplier. Appellant did not engage in a consumer transaction as it is defined in the statute. Accordingly, R.C. 1345.01 does not apply.
 {¶ 20} Appellant's first assignment of error is overruled.
 {¶ 21} Chapter 4165 governs deceptive trade practices; more specifically, R.C. 4165.02(A)(7) and (A)(9), state the following:
{¶ 22} "§ 4165.02. Acts constituting violation
 "(A) A person engages in a deceptive trade practice when, inthe course of the person's business, vocation, or occupation, theperson does any of the following:
"* * *
"(7) Represents that goods or services have sponsorship,approval, characteristics, ingredients, uses, benefits, orquantities that they do not have or that a person has asponsorship, approval, status, affiliation, or connection thatthe person does not have;
"* * *
"(9) Represents that goods or services are of a particularstandard, quality, or grade, or that goods are of a particularstyle or model, if they are of another;
"* * *."
 {¶ 23} The Ohio Deceptive Trade Practices Act is substantially similar to the federal Lanham Act, and it generally regulates trademarks, unfair competition, and false advertising.Yocono's Restaurant, Inc. v. Yocono (1994), 100 Ohio App.3d 11,17. "When adjudicating claims under the Ohio Deceptive Trade Practices Act, Ohio courts shall apply the same analysis applicable to claims commenced under analogous federal law."Chandler Assoc. v. America's Healthcare Alliance (1997),125 Ohio App.3d 572, 579. "Where claims are made under the Ohio common law and [R.C. Chapter 4165] the deceptive trade practices statutes, [Ohio] courts are to apply essentially the same analysis as that applied in assessing [the law of] unfair competition under the federal statutes." Cesare v. Work (1987),36 Ohio App.3d 26, at paragraph one of the syllabus.
 {¶ 24} At least half of the circuits hold (and none of the others disagree) that § 45 of the Lanham Act, 15 U.S.C.S. § 1051
et seq., specifically 15 U.S.C.S. § 1127, bars a consumer from suing under the act. According to the United States Court of Appeals for the Second Circuit, § 45 identifies those engaged in commerce as the class of persons to be protected by the act.15 U.S.C.S. § 1127. Congress' purpose in enacting § 43(a) of the act was to create a special and limited unfair competition remedy, virtually without regard for the interests of consumers generally, and almost certainly without any consideration of consumer rights of action in particular. The act's purpose, as defined in § 45, is exclusively to protect the interests of a purely commercial class against unscrupulous commercial conduct. Other circuits have followed the Second Circuit in denying Lanham Act standing to consumers. Made in the USA Found. v. PhillipsFoods, Inc. (C.A.4, 2004), 365 F.3d 278.
 {¶ 25} We agree with the lower court's May 2005 journal entry in which the trial court stated that plaintiff was not a consumer, much less a commercial entity. We find no abuse of discretion on the part of the lower court regarding appellant's R.C. 4165.01 argument.
 {¶ 26} Accordingly, appellant's second assignment of error is overruled.
 {¶ 27} Appellant has not produced any evidence to support his claims of fraudulent concealment. The elements of fraudulent concealment include (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury caused by the reliance. Cohen v. Lamko,Inc. (1984), 10 Ohio St.3d 167.
 {¶ 28} Not every nondisclosure rises to the level of fraud. In order to establish fraud for nondisclosure, the purchaser must show an affirmative misrepresentation or misstatement of material fact. Layman v. Binns (1988), 35 Ohio St.3d 176, 178. Appellant, however, has neither alleged nor produced any evidence to establish any specific material misrepresentation by defendants. In fact, appellee actually disclosed the expiration terms on the gift card itself.
 {¶ 29} Appellant's fraud claim was based on an alleged nondisclosure of the expiration date, "concealed" on the gift card, inside the packaging. We do not find this argument to be persuasive. It is reasonable to expect a customer to open store packaging and read the terms on a gift card within a few weeks of receiving the gift. Appellant neglected to do so.
 {¶ 30} Appellant failed to allege a number of the elements required, the failure of any one of which requires dismissal. Appellant did not allege that Blockbuster made false statements regarding the nature of the gift cards. In fact, the information concerning the expiration date on the 1998 and 2000 cards was not false or misleading.
 {¶ 31} Moreover, appellant failed to allege that he reasonably believed there was no expiration date and, in reliance on that belief, intentionally refrained from using the gift cards until September 2004. Appellant merely lost the cards. In other words, even if Blockbuster had printed the expiration date on the exterior package of the 1998 and 2000 cards, as appellant alleged it should have, the result would be the same. Appellant still would have lost the gift cards and not found them until September 2004.
 {¶ 32} The trial court recognized this when it noted that even if appellant met the other elements of the fraud claim, "plaintiff's alleged injuries are not proximately caused by the defendant's actions," his own negligence proximately caused his injury and thus is fatal to his fraud claim.[3] SeeHyosung (Am.), Inc. v. Star Bank, Cuyahoga App. Nos. 81586, 81912, 2003-Ohio 4563, at ¶ 31-35.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} We do not find merit in appellant's fourth assignment of error. Appellant's complaint failed to allege a breach of contract, a requirement for an alleged breach of the implied covenant of good faith and fair dealing.
 {¶ 35} Parties to a contract are bound toward one another by standards of good faith and fair dealing. However, this does not stand for the proposition that breach of good faith exists as a separate claim. Instead, good faith is part of a contract claim and does not stand alone. Wauseon Plaza, Ltd. Partnership v.Wauseon Hardware Co., 156 Ohio App.3d 575, 2004-Ohio-1661. "Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of good faith. Although courts often refer to the obligation of good faith that exists in every contractual relation, this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document. Good faith is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." Ed Schory Sons v.Francis (1996), 75 Ohio St.3d 433, 444.
 {¶ 36} Even though the Blockbuster gift card expired, Blockbuster did not create the situation. Appellant, through no fault of appellee, lost his gift cards. While it may constitute good business sense, fair-minded customer service and virtuous ethics, it is not a contractual obligation for Blockbuster to redeem the expired gift cards. Although it may be illaudable, Blockbuster is allowed to advance its own interests, and not legally required to put the interests of its customer first.
 {¶ 37} Unjust enrichment requires that the party asserting the claim demonstrate that "the claimant conferred a benefit upon the recipient." Struna v. Convenient Food Mart,160 Ohio App.3d 655, 2005-Ohio-1861 at ¶ 18. In the case sub judice, appellant did not confer any benefit on Blockbuster. Appellant merely received the gift cards as presents.
 {¶ 38} The evidence in the record demonstrates that Blockbuster acted in good faith and performed its obligations under the terms of the gift cards. We find no abuse of discretion concerning a breach of implied covenant of good faith and fair dealing or unjust enrichment.
 {¶ 39} Appellant's fourth assignment of error is overruled.
 {¶ 40} The lower court's decision is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., concurs in judgment only;
 Blackmon, J., concurs in part and dissents in part. (seeseparate concurring and dissenting opinion.)
 JOURNAL ENTRY and OPINION
[1] "§ 1345.01. Definitions.
(A) `Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.' * * *
(B) `Person' includes an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity. * * *
(D) `Consumer' means a person who engages in a consumer transaction with a supplier. * * *.
[2] "§ 4165.01. Definitions * * *
(D) `Person' means an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, limited liability company, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity. * * *"
[3] Judgment and opinion at 3.