[Cite as *Goomi v. H&E Ent., L.L.C.*, 2023-Ohio-3901.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| NIV GOOMAI, | : | APPEAL NO. C-230099 |
| and | : | TRIAL NO. A-1902101 |
| BAR HAJBI, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| H&E ENTERPRISE, LLC, | : | |
| and | : | |
| AVI OHAD, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 27, 2023


*Manley Burke, LPA, Ilana L. Linder* and *Emily Cooney Couch*, for Plaintiffs-Appellants,

*Gary F. Franke Co., LPA, Michael D. O'Neill* and *Gary F. Franke*, for Defendants-Appellees.

**KINSLEY, Judge.**

**{¶1}** This case calls upon us to clarify the meaning of the term "prevailing party" in a section of the Ohio Deceptive Trade Practices Act ("DTPA") that permits awards of attorney fees. For the reasons we describe in this opinion, we hold that a party prevails on a DTPA claim when the finder of fact determines the statute has been violated, regardless of whether a damages amount is awarded to remedy the violation.

**{¶2}** This question arises because a jury found in favor of plaintiffs-appellants Niv Goomai and Bar Hajbi (collectively "Goomai") on their claim that defendants-appellees H&E Enterprise, LLC, and Avi Ohad (collectively "H&E") violated the DTPA, but the trial court denied statutorily-available attorney fees on the basis that Goomai did not prevail on the claim. At trial, the jury considered three claims against H&E: (1) breach of contract, (2) fraudulent misrepresentation, and (3) a DTPA violation. The jury found in Goomai's favor on the breach of contract and DTPA claims, but only awarded damages on the breach of contract claim. Since there were no damages awarded on the DTPA claim, the trial court held Goomai did not prevail and denied attorney fees as a result.

**{¶3}** In a single assignment of error, Goomai argues that the trial court erred by failing to properly interpret and apply the DTPA attorney fees provision found in R.C. 4165.03(B). We agree with Goomai, reverse the decision of the trial court, and remand the matter to the trial court to determine the amount of attorney fees Goomai is owed.

## I.   *Factual and Procedural Background*

**{¶4}** In October 2017, with the help of Ohad, Goomai purchased a property in the Camp Washington neighborhood of Cincinnati. The two entered into an

2

agreement that Ohad and H&E would renovate the Camp Washington property for $50,000. The project was to be completed by January 2018. But numerous problems prohibited Ohad and H&E from delivering on their promises. Ohad initially failed to disclose that he had not obtained the necessary license to conduct the renovation. Ohad also failed to obtain the proper work permits from the city before the renovation work began, and this caused further delay to the project.

{¶5} In January 2019, approximately a year after the renovation should have been completed, Ohad told Goomai that he had only now obtained the necessary permits and that the renovation could continue. But this was untrue. Ultimately, the renovation project never materialized, and H&E did not deliver on the promised property upgrades.

{¶6} In May 2019, Goomai sold the property for $50,000 at a loss on his investment. He then sued H&E.

{¶7} Goomai initially raised nine claims against H&E, but by the time of trial, his claims had been reduced to three: breach of contract, fraudulent misrepresentation, and violation of the DTPA. H&E also counterclaimed against Goomai for breach of contract. Only the DTPA claim permitted the recovery of statutory attorney fees if Goomai prevailed. *See* R.C. 4165.03(B). But the jury received no instructions about the applicability of the attorney fees provision, nor the implications of its allocation of damages should it award no damage on the DTPA claim.

{¶8} Following trial, the jury found that H&E breached its contract with Goomai and that H&E violated the DTPA. It found against Goomai on his fraudulent misrepresentation claim and against H&E on its counterclaim. It awarded

$30,604.09 in damages on the breach of contract claim and no damages on the DTPA claim.

**{¶9}** Goomai then moved for an award of attorney fees under R.C. 4165.03(B), the DTPA's fee-shifting provision. The trial court held an evidentiary hearing on the motion, at which both sides put forth expert testimony regarding the reasonableness of Goomai's requested fees. Following the hearing, the trial court denied the motion for attorney fees in its entirety on the basis that Goomai was not a prevailing party within the meaning of the DTPA, because the jury did not award damages on that claim.

**{¶10}** Goomai timely appealed.

### II.    DTPA Attorney Fees

**{¶11}** In a single assignment of error, Goomai challenges the trial court's denial of his motion for attorney fees under R.C. 4165.03(B). He argues that he was a prevailing party under the DTPA by virtue of the jury's verdict finding that H&E violated the DTPA. Consistent with the trial court's determination, H&E argues that, to be a prevailing party under R.C. 4165.03(B), a party must obtain not only a judgment in its favor, but also a remedy. This is a question of first impression in Ohio courts.

### A.  Standard of Review

**{¶12}** To begin, we resolve a dispute between the parties about the standard of review. Goomai argues that the trial court's application of the prevailing party standard in R.C. 4165.03(B) presents a question of statutory construction that we review de novo. *See, e.g., State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995). H&E argues that decisions regarding attorney fees are within

the discretion of the trial court and that our review is limited to whether the court below abused its discretion. *See, e.g., Bittner v. Tri Cty. Toyota, Inc.,* 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991).

{¶13} We agree with Goomai. The question presented in this case does not concern the amount of attorney fees imposed by the trial court, but rather the applicability of a statutory fee-shifting provision. Were the former at issue, we would defer to the trial court and review its decision only for an abuse of discretion. But given the need to interpret whether the statute applies at all, and if so why, we believe this case triggers the more robust investigation of a statute's intent that de novo review requires. *See, e.g., Elliot v. Durrani,* 171 Ohio St.3d 213, 2022-Ohio-4190, ____ N.E.3d ____, ¶ 8. We therefore apply de novo review in answering the question of whether Goomai is a prevailing party under R.C. 4165.03(B).

### B. Prevailing Party Status under R.C. 4165.03(B)

{¶14} The DTPA, codified at R.C. 4165.03(B), contains the following attorney fees provision:

> The court may award in accordance with this division reasonable attorney's fees to the prevailing party in either type of civil action authorized by division (A) of this section. An award of attorney's fees may be assessed against a plaintiff if the court finds that the plaintiff knew the action to be groundless. An award of attorney's fees may be assessed against a defendant if the court finds that the defendant has willfully engaged in a trade practice listed in division (A) of section 4165.02 of the Revised Code knowing it to be deceptive.

5

{¶15} Under this provision, a plaintiff who loses a DTPA claim can be forced to pay attorney fees if the party knowingly pursued a groundless DTPA claim against the defendant. Conversely, a defendant can be forced to pay attorney fees if the defendant willfully engaged in a defined trade practice knowing that it was deceptive. In either scenario, fees can be awarded for DTPA claims for injunctive or monetary relief brought under R.C. 4165.03(A). The linchpin of whether a party may receive attorney fees under the DTPA is therefore not party identity or claim type, but whether the party seeking fees prevailed.

{¶16} What does it mean to be a "prevailing party" under R.C. 4165.03(B)? No court to date has answered that specific question. But we do not approach it on a clean slate. We use ordinary principles of statutory interpretation to guide our resolution of this important issue.

{¶17} According to those principles, the primary goal when courts interpret statutes is to give effect to the intent of the General Assembly. *Ayers v. City of Cleveland*, 160 Ohio St.3d 288, 2020-Ohio-1047, 156 N.E.3d 848, ¶ 17. To accomplish this objective, courts look first to the plain meaning of terms in a statute, construing words and phrases according to their common usage. *See Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11; *Knollman-Wade Holdings, LLC v. Platinum Ridge Properties, LLC*, 10th Dist. Franklin No. 14AP-595, 2015-Ohio-1619, ¶ 14. In assessing the plain meaning of undefined terms in a statute, courts frequently look to the dictionary and other sources of the ordinary understanding of language to determine exactly what is meant by specific words and phrases. *See, e.g., State v. Bertram*, Slip Opinion No. 2023-Ohio-1456, ¶ 13 (using the *Merriam-Webster Dictionary* to define the term "stealth" in a criminal statute that did not otherwise define its meaning).

{¶18} Turning to R.C. 4165.03(B), the term "prevailing party" is not defined by the statute. Thus, we seek guidance from common sources as to its ordinary meaning and usage. The *Merriam-Webster Dictionary* defines the term "prevail" as "to gain ascendancy through strength or superiority: triumph." *See Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/prevail#:~:text=1,or%20become%20effective%20or%20effectual (last accessed Oct. 23, 2023). Similarly, *Webster's Dictionary* defines "prevail" as "to overcome; to gain the victory or superiority; to gain the advantage." *See Webster's Dictionary 1828*, https://webstersdictionary1828.com/Dictionary/prevail (last accessed Oct. 23, 2023). These understandings of the term focus on the position of one side to the other, with one being superior or in a winning posture and the other being inferior or in a losing posture. They imply that the prevailing party is the one that has come out on top.

{¶19} While these resources give us deeper insight on what it means for a party to prevail, they fail to resolve the ambiguity that Goomai's case presents. Is a jury verdict in a party's favor sufficiently prevailing to trigger the statue, or does the party have to win something in order to have prevailed? There are degrees of winning a legal dispute, and the dictionary definitions of "prevail" do not distinguish between them. We therefore require additional inputs to ascertain the legislature's intent in utilizing the term "prevailing party" to define eligibility for attorney fees in R.C. 4165.03(B).

{¶20} *Black's Law Dictionary*, another source of meaning for common legal terms, helps us distinguish between types of "prevailing." As the United Supreme Court noted in *Buckhannon Bd. & Care Home v. West Virginia Dept. of Health & Human Serv.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2002), citing *Black's*

*Law Dictionary* 1145 (7th Ed.1999),[1] *Black's Law Dictionary* defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Under this definition, the relief obtained is immaterial to a party's status; what matters is whether the party obtained judgment in its favor.

{¶21} Our review of R.C. 4165.03 supports this conclusion. In construing statutory terms, courts read statutes as a whole and do not dissociate words and phrases from their context. *See Electronic Classroom of Tomorrow v. Ohio Dept. of Edn.*, 154 Ohio St.3d 584, 2018-Ohio-3126, 118 N.E.3d 907, ¶ 11. Looking at the language of R.C. 4165.03 as a whole, we are persuaded that "prevailing" in the context of the DTPA means that the party obtained a judgment in its favor, regardless of whether the party obtained a remedy in furtherance of that judgment. Several features of the statute compel this result.

{¶22} For one, the DTPA permits recovery of attorney fees from a plaintiff who knowingly pursues a groundless DTPA claim. In such circumstances, a prevailing defendant would obtain no relief other than a judgment in its favor, but that defendant would still be entitled to attorney fees from the plaintiff under R.C. 4165.03(B). If we were to read the statute as requiring a party to obtain a remedy in order to prevail, we would effectively eliminate the ability of prevailing defendants to obtain attorney fees and undermine the intent of the legislature in the process. And courts do not read language out of statutes. *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 26.

{¶23} For another, R.C. 4165.03(B) allows the recovery of attorney fees in DTPA suits for either monetary or injunctive relief. This underscores that a finding of

---

[1] *Black's Law Dictionary* has now released its 11th Edition. The definition of "prevailing party" remains unchanged.

money damages is not a necessary prerequisite for the transfer of attorney fees to the prevailing party. But there is an even broader point embodied in the statutory language. Subsection (B), which provides for attorney fees, makes specific reference to subsection (A), which outlines the types of suits that can be filed in the event of alleged deceptive trade practices. It specifies that: "The court may award in accordance with this division reasonable attorney's fees to the prevailing party *in either type of civil action* authorized by division (A) of this section." (Emphasis added.) R.C. 4165.03(B). This clear statutory language defines attorney fees eligibility by the type of *action*, not by the type of *remedy*. If the legislature intended to make prevailing party status dependent upon obtaining one of the remedies outlined in R.C. 4165.03(A), it could easily have said so. Its decision not to do so is indicative of its intent to untangle attorney fees from any other type of remedy recovered in a DTPA case.

{¶24} The plain meaning of the term "prevailing party" in R.C. 4165.03(B) therefore supports the conclusion that obtaining a judgment, even one without an award of damages, entitles a party to seek attorney fees.

{¶25} But, to the extent there is any confusion on the matter, our case law has also interpreted the term "prevailing party" consistent with this meaning in other contexts. *See, e.g., Keal v. Day*, 164 Ohio App.3d 21, 2005-Ohio-5551, 840 N.E.2d 1139, ¶ 8 (1st Dist.) (interpreting the phrase "prevailing party" in contract to mean the party in whose favor the verdict is rendered). Divorced from its usage in the DTPA, the phrase "prevailing party" has been commonly understood to mean obtaining a favorable verdict, absent any focus on what in particular the party has won.

**{¶26}** This reading of R.C. 4165.03(B) also squares with our understanding of the DTPA's history and purpose. The DTPA targets false advertising, unfair competition, and other deceptive commercial practices that create an unbalanced competitive commercial marketplace. *See Dawson v. Blockbuster, Inc.*, 8th Dist. Cuyahoga No. 86451, 2006-Ohio-1240, ¶ 23. Its purpose is exclusively to protect the interests of a purely commercial class, rather than individual consumers, against unscrupulous commercial conduct. *Id.* at ¶ 24. Permitting an award of attorney fees upon a finding that the DTPA was knowingly violated furthers these purposes by discouraging anticompetitive trade practices.

**{¶27}** Case law construing the DTPA solidifies this outcome even more. Because the DTPA operates to protect a fair competitive marketplace, economic damages for deceptive trade practices may be hard to quantify. *See, e.g., Heartland of Urbana OH, LLC v. McHugh Fuller Law Group, PLLC*, 2d Dist. Champaign No. 2016-CA-3, 2016-Ohio-6959, ¶ 44. And requests for injunctive relief may become moot when an offending party merely removes the allegedly deceptive advertising. *See, e.g., id.* at ¶ 40. As a result, at least one Ohio court has held that a claim for attorney fees under the DTPA survives even after a plaintiff's DTPA lawsuit is mooted by the cessation of the offending deceptive trade practice. *See id.* at ¶ 48-49 (holding that a claim for attorney fees under R.C. 4165.03(B) based on previous willful violation of the DTPA survived moot request for injunctive relief and that "it was not necessary for [the plaintiff] to establish actual damages in order to recover attorney fees"). Under this view of the statute, awarding attorney fees to the prevailing party becomes the remedy for the action filed under R.C. 4165.03(A). *Id.* So long as an allegation

persists that a defendant knowingly violated the DTPA, a claim for attorney fees under R.C. 4165.03(B) survives.

**{¶28}** *Heartland of Urbana* is one of the few cases in Ohio to construe the contours of the DTPA's fee-shifting provision. Perhaps owing to this lack of judicial opinions addressing the DTPA, both parties cite to the Ohio Consumer Sales Practices Act ("CSPA") and case law construing it to support their respective interpretations of the statute at issue here. We initially note a difference in the class of persons who are protected by each statute that precludes our reliance upon the CSPA as a point of comparison for the DTPA. The CSPA protects individual consumers, whereas the DTPA protects the commercial class. *See* R.C. 1345.01(A); *Dawson*, 8th Dist. Cuyahoga No. 86451, 2006-Ohio-1240, at ¶ 23. This difference in purpose is enough for us to question the usefulness of comparing the two statutes' fee-shifting provisions. But even if we found the CSPA analogy compelling, there is no authority that either requires a remedy in CSPA cases for the prevailing party to collect attorney fees or permits attorney fees in those cases based upon a mere judgment alone. And so the CSPA simply does not answer the question posed in this case.

**{¶29}** For his part, Goomai argues that *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 548 N.E.2d 943 (1990), requires us to interpret the DTPA to permit an award of attorney fees based solely upon a favorable verdict. In *Einhorn*, the Ohio Supreme Court resolved a dispute as to the level of knowledge required for an offending party to be liable for attorney fees under the CSPA. *Id.* at 29. Under the CSPA, a prevailing party may be awarded attorney fees when a supplier knowingly commits an act or practice that violates the law. *Id.* at 29, fn.5. The *Einhorn* court determined that the supplier must merely commit the act or practice knowingly, but need not have the

additional knowledge that the act violated the CSPA at the time it was committed. *Id.* at 30. This holding did not resolve the question of what level of prevailing is required to trigger prevailing party status under the CSPA, much less the DTPA, which is an entirely different statute. Thus, *Einhorn* is of little utility here, and we decline Goomai's invitation to rely on it in construing the meaning of the term "prevailing party" in R.C. 4165.03(B).

{¶30} Also analogizing to the CSPA, H&E calls our attention to *Parker v. I&F Insulation Co.*, 89 Ohio St.3d 261, 730 N.E.2d 972 (2000), also a CSPA case, claiming that it adopted a definition of "prevailing party" that requires either rescission of the transaction or damages in order for a party to prevail for attorney fees purposes. But *Parker* held no such thing. To be fair, *Parker* cites *Brenner Marine v. Goudreau*, 6th Dist. Lucas No. L-93-077, 1995 Ohio App. LEXIS 62 (Jan. 13, 1995), which held that a party is prevailing under the CSPA if it obtains either of the two statutory remedies available in the statute and that monetary damages were not a prerequisite to obtaining attorney fees. *See Parker* at 265. But *Brenner* did not answer the question before us–whether a party prevails if it obtains only a judgment and no remedy at all–and *Parker* did not adopt the holding set forth in *Brenner*, expressly noting that *Brenner* focused on trial-level requests for attorney fees, not the appeal-level request that was at issue in *Parker*. *See id.*; *Brenner* at 12-13. We therefore read both *Parker* and *Brenner* as having little to do with the dispute before us.

{¶31} As such, no authority–not *Parker*, not *Brenner*, not *Einhorn*–explicitly compels the result H&E seeks that a party must obtain a remedy in order to seek

attorney fees under the CSPA, much less the DTPA. And no authority prohibits the conclusion we reach here.

**{¶32}** We accordingly base our decision solely on the plain meaning of the term "prevailing party" as it is used in R.C. 4165.03(B). We are aided in understanding that meaning by looking to commonly-used dictionaries and *Black's Law Dictionary* and by reading the statute in its full context. We consider the history, purpose, and policy behind the DTPA only to the extent that doing so confirms our interpretation of the statute and reveals no unanticipated ambiguity or confusion.

**{¶33}** The plain meaning of the term "prevailing party" in R.C. 4165.03(B) is the party that obtains a judgment, verdict, or decision in its favor, without regard to the existence or nature of any remedy awarded pursuant to the judgment, verdict, or decision.

**{¶34}** Goomai's assignment of error is accordingly sustained. This matter is remanded to the trial court to consider the amount of attorney fees to which Goomai is entitled under R.C. 4165.03(B).

Judgment reversed and cause remanded.

**WINKLER, P.J.,** and **BOCK, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.