**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Goomai v. H&E Ent., L.L.C.*, **Slip Opinion No. 2024-Ohio-5711.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5711

NIV GOOMAI, ET AL., APPELLEES, *v.* H&E ENTERPRISE, L.L.C., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Goomai v. H&E Ent., L.L.C.*, Slip Opinion No. 2024-Ohio-5711.]**

*Civil law—Deceptive Trade Practices Act—Attorney's fees—A plaintiff must obtain actual damages or injunctive relief to be a prevailing party under Deceptive Trade Practices Act—Court of appeals' judgment reversed and trial court's judgment reinstated.*

(No. 2023-1541—Submitted July 10, 2024—Decided December 9, 2024.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-230099, 2023-Ohio-3901.

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER and DETERS, JJ., joined. BRUNNER, J., dissented, with an opinion joined by DONNELLY and STEWART, JJ.

**DEWINE, J.**

{¶ 1} The Ohio Deceptive Trade Practices Act authorizes claims for actual damages and injunctive relief and allows for an award of attorney's fees to a plaintiff who is a "prevailing party" in a lawsuit brought under the Act. R.C. 4165.03. In this case, a plaintiff pursued a claim for actual damages. A jury found that the defendants had committed a deceptive trade practice but awarded the plaintiffs $0 in damages for the violation. The question before us is whether a plaintiff who fails to recover any monetary damages or injunctive relief is a prevailing party. We conclude that for a plaintiff to be a prevailing party under the Deceptive Trade Practices Act, the plaintiff must obtain actual damages or injunctive relief. The First District Court of Appeals held otherwise, so we reverse its judgment.

## I. BACKGROUND

{¶ 2} Niv Goomai and Bar Hajbi (collectively, "Goomai") purchased a property in Cincinnati and contracted with H&E Enterprise, L.L.C. ("H&E"), Ohad Investment Group, and Avi Ohad to renovate the property. But as a result of several missteps, the renovations did not occur, and Goomai ultimately sold the property.

{¶ 3} Goomai later sued H&E, Ohad Investment Group, and Ohad for failing to complete the renovations, asserting claims that included breach of contract, violation of the Deceptive Trade Practices Act, and fraudulent misrepresentation. The Deceptive Trade Practices Act claim sought to recover actual damages and did not include a claim for injunctive relief.

{¶ 4} By the consent of the parties, a jury trial was held before a magistrate. *See* Civ.R. 53(C)(1)(c). The jury determined that H&E had breached its contract and awarded Goomai $30,604.09 in damages. The jury also concluded that H&E and Ohad, but not Ohad Investment Group, had "engaged in at least one of the practices considered in the deceptive trade practices act." But it found "for the

2

Plaintiffs in the amount of $0 for damages from the deceptive trade practices." The jury found for the defendants on the fraudulent-misrepresentation claim.

**{¶ 5}** Following trial, Goomai filed a motion requesting attorney's fees and costs. After briefing and a hearing, the magistrate denied the motion. The magistrate reasoned, "To qualify as a prevailing party, Plaintiff must obtain at least some relief on the merits of their claim, either through injunctive action or an enforceable judgment." Hamilton C.P. No. A1902101 (May 19, 2022). Because the only claim on which Goomai obtained relief was the "breach of contract claim which does not statutorily allow for attorneys fees," the magistrate declined to award fees. *Id.* The trial court entered judgment adopting the magistrate's decision denying the award of attorney's fees, and Goomai appealed to the First District.

**{¶ 6}** The First District reversed the trial court. 2023-Ohio-3901, ¶ 34 (1st. Dist.). It held that a "prevailing party" under the Deceptive Trade Practices Act is a "party [that] obtained a judgment in its favor, regardless of whether the party obtained a remedy in furtherance of that judgment," *id.* at ¶ 21. Looking to the statutory language, it reasoned that because the Act permits a prevailing defendant to recover attorney's fees against a plaintiff who knowingly pursues a groundless claim, the term "prevailing party" necessarily encompasses a party that obtains no relief other than a judgment in its favor. *Id.* at ¶ 22. It also held that by indicating that a court could award attorney's fees in "either" a suit for monetary or injunctive relief, the statute defined "attorney fees eligibility by the type of *action*, not by the type of *remedy*." (Emphasis in original.) *Id*. at ¶ 23. The court of appeals also found support for its conclusion in dictionary definitions of "prevail" and "prevailing party." *Id.* at ¶ 18-20, 32. In reaching its determination, the court of appeals reviewed caselaw cited by H&E and Ohad on the meaning of "prevailing party," but it concluded that "no authority prohibits the conclusion we reach here," *id.* at ¶ 31.

**{¶ 7}** The First District remanded the matter "to the trial court to consider the amount of attorney fees to which Goomai is entitled under R.C. 4165.03(B)." *Id*. at ¶ 34.

## II.  ANALYSIS

**{¶ 8}** We accepted H&E and Ohad's appeal on a proposition of law that asserts that to be a prevailing party under the Deceptive Trade Practices Act, "the party pursuing the claim must obtain an award or remedy, even if the award is only for nominal damages." *See* 2024-Ohio-163.

**{¶ 9}** Under the American rule, attorney's fees are generally not recoverable unless authorized by a statute or contract. *Nottingdale Homeownwers' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34 (1987).  The Deceptive Trade Practices Act is one statute that authorizes an award of fees.  The Act allows a person who is likely to be damaged by a deceptive trade practice to commence a "civil action for injunctive relief."  R.C. 4165.03(A)(1).  It further provides that a person who has been injured by a deceptive trade practice may commence "a civil action to recover actual damages from the person who commits the deceptive trade practice."  R.C. 4165.03(A)(2).  The Act authorizes an award of attorney's fees "to the prevailing party in either type of civil action."  R.C. 4165.03(B).  The fee-shifting provision provides:

> The court may award *in accordance with* this division reasonable attorney's fees to the *prevailing party* in either type of civil action authorized by division (A) of this section.  An award of attorney's fees may be assessed against a plaintiff if the court finds that the plaintiff knew the action to be groundless.  An award of attorney's fees may be assessed against a defendant if the court finds that the defendant has willfully engaged in a trade practice listed in

4

> division (A) of section 4165.02 of the Revised Code knowing it to
> be deceptive.

(Emphasis added.)   R.C. 4165.03(B).   Thus, under the statute, there are two requirements for a plaintiff to recover attorney's fees: (1) the plaintiff must be a prevailing party, and (2) the court must find that the defendant "*willfully engaged*" in a trade practice violating the statute that it *knew* was deceptive.   Our focus here is on the prevailing-party requirement.[1]

### A.  To Be a Prevailing Party under the Act, a Plaintiff Must Obtain Injunctive Relief or Actual Damages

{¶ 10} The Deceptive Trade Practices Act does not define "prevailing party," and this court has not directly addressed the meaning of "prevailing party" under the Act.   The Act, however, ties prevailing status to the two types of civil actions authorized by the Act: a claim for actual damages or a claim for injunctive relief.   Thus, to be entitled to attorney's fees under the Act, a plaintiff must prevail by obtaining actual damages or equitable relief.

{¶ 11} This notion that to be a prevailing party, a plaintiff must obtain some monetary, injunctive, or other equivalent relief on the merits of a statutory claim is one that is well established in law.   *See, e.g.*, *Hewitt v. Helms*, 482 U.S. 755, 759-760 (1987).   In *Hewitt*, a plaintiff in a federal civil-rights action established that a prison official had violated his constitutional rights but was ultimately denied relief on the basis of qualified immunity.   *Id*.   The court of appeals held that the plaintiff

---

1. This second requirement—that a defendant commit a willful violation knowing the practice to be deceptive—is not at issue in this appeal.  The jury instructions did not include a scienter component, and the trial court did not consider whether H&E and Ohad's conduct satisfied the "willful and knowing" requirements; the trial court's conclusion that Goomai was not a prevailing party made it unnecessary for the court to do so.  The First District, however, remanded the case "to consider the amount of attorney fees" without any mention of the other statutory requirements.  2023-Ohio-3901 at ¶ 34.  Although an award of fees would be improper under the Act without the other required findings, our resolution of this case renders consideration of this issue unnecessary.

qualified as a prevailing party because the determination that his rights had been violated was a form of judicial relief and would serve to guide the conduct of prison officials in the future. *Id.* at 759. The United States Supreme Court disagreed. It explained that "[w]hatever the outer boundaries of [the term 'prevailing party'] may be, [the plaintiff] does not fit within them. Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* at 759-760. Because the plaintiff "received no damages award," no injunctive relief or declaratory relief, and no consent decree or favorable settlement, *id.* at 760, he was not a prevailing party, *id.* at 763.

{¶ 12} The Court elaborated a few years later, explaining that to be a prevailing party, the plaintiff must:

> obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief thorough a consent decree or settlement. Whatever relief the plaintiff secures must *directly benefit* him at the time of the judgment or settlement . . . . [A] plaintiff "prevails" when actual relief on the merits of his claim *materially alters the legal relationship between the parties* by *modifying the defendant's behavior* in a way that directly benefits the plaintiff.

(Emphasis added and cleaned up.) *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992).[2] *See also Texas State Teachers Assn. v. Garland Independent School Dist.*,

---

2. In *Farrar*, the Court made clear that in contrast to a $0 damage award, an award of nominal damages was sufficient to confer prevailing-party status because "a judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar* at 113. The dissent takes exception with this distinction. *See* dissenting opinion, ¶ 32. But as the *Farrar* Court explained, even though a party that has obtained nominal damages is technically a prevailing party, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove

489 U.S. 782, 792-793 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties").

{¶ 13} The United States Supreme Court's understanding of the term "prevailing party" is not controlling on this court. But we find its logic persuasive. A plaintiff who files a claim seeks to recover some relief—monetary or injunctive. When the plaintiff fails in that endeavor, he can hardly be said to have prevailed. The plaintiff has not obtained anything that materially alters the legal relationship between the parties. *Compare Intercontinental Group Partnership v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 656 (Tex. 2009) ("Neither law nor logic favors a rule that bestows 'prevailing party' status upon a plaintiff who requests $1 million for actual injury but pockets nothing except a jury finding of non-injurious breach; to prevail in a suit that seeks only actual damages—compensation for provable economic harm—there must be a showing that the plaintiff was actually harmed, not merely wronged.").

{¶ 14} Our caselaw in related contexts is in accord with this principle. In *Parker v. I&F Insulation*, 2000-Ohio-151, we considered what it means for a party to be a prevailing party in an appeal under R.C. 1345.09(F) of Ohio's Consumer Sales Practices Act ("CSPA"). In that case, the plaintiffs had obtained a judgment in their favor, but the defendant obtained a substantial reduction of that judgment on appeal. The plaintiffs argued that they were entitled to appellate attorney's fees because they had prevailed on appeal by preserving a portion of the judgment below. *Id.* at ¶ 9. We concluded that the defendant was the prevailing party on appeal, explaining that a party prevails on appeal by obtaining a substantial modification of the trial court's judgment. *Id.* at ¶ 12. Although we did not put it in these terms, our decision was in accord with the principle that a party prevails by changing the legal relationship between the parties in his favor.

---

an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (Citation omitted.) *Farrar* at 115.

**{¶ 15}** The *Parker* court also cited *Brenner Marine, Inc. v. George Goudreau Jr. Trust*, 1995 Ohio App. LEXIS 62 (6th Dist. Jan. 13, 1995), and noted that in that case, "the court held that a consumer is the 'prevailing party' in a CSPA action if it is awarded either rescission or damages by the trial court." *Parker* at 265. This court ultimately held the definition of "prevailing party" provided in *Brenner Marine* to be inapplicable to the issue of appellate attorney's fees, but nothing in the opinion suggests any disagreement with the proposition that a plaintiff must obtain some monetary or equitable relief to be a prevailing party. *Parker* at 265; *accord Coey v. Dave Gill Pontiac-GMC, Inc.*, 2005-Ohio-464, ¶ 18 (10th Dist.) (empty judgment under which jury found in plaintiff's favor but awarded no damages does not establish that plaintiff was a prevailing party "because the awarded judgment did not materially alter the relationship between [plaintiff] and [defendant]").

**{¶ 16}** Thus, for a plaintiff to be a "prevailing party" in a claim brought for actual damages under R.C. 4165.03(A)(2) of the Ohio Deceptive Trade Practices Act, a plaintiff must obtain actual damages. This conclusion is required by the statute and is consistent with the well-established notion that the plaintiff must secure some relief that changes the legal relationship of the parties to be a prevailing party.

### B. Goomai's Arguments to the Contrary Are Unpersuasive

**{¶ 17}** In arguing that a plaintiff who obtains only the moral victory of a favorable judgment without achieving any actual legal relief is a prevailing party, Goomai relies on a statutory argument and legal dictionaries.[3] Neither advances his case.

---

3. The dissent advocates for the same result but presents scant textual analysis to support its unorthodox understanding of the meaning of "prevailing party." Instead, the dissent invokes a nursery-rhyme character, suggests that the dissenting justices are "adults" while the majority lacks the learning of "even children," and proclaims that (unlike the majority) the dissent "eschew[s] the ridiculousness of results-oriented legal interpretation," dissenting opinion at ¶ 30. While such

{¶ 18} Picking up on the First District's reasoning below, Goomai argues that because the Deceptive Trade Practices Act allows a successful defendant to recover attorney's fees if the court determines an action to be groundless, a prevailing party cannot be limited to one who achieves monetary or equitable relief. Such a limitation, he argues, "would prevent a defendant who successfully defends against a groundless [Deceptive Trade Practices Act] claim . . . from ever pursuing his attorney's fees." The problem with this argument is that it ignores the fact that what it means to prevail depends on a party's objective. Imagine a goal-line stand in a football game. The offense prevails if it punches the ball into the endzone, but the defense prevails if it prevents the other team from scoring. Similar logic applies here. A plaintiff prevails by altering the legal relationship between the parties through an award of damages or by injunctive relief; a defendant prevails by preventing the plaintiff from doing so. Because the parties have different objectives, what it means for a defendant to prevail and for a plaintiff to prevail is simply different. Goomai's statutory argument comes up short.

{¶ 19} Nor do legal dictionary definitions bolster Goomai's case. Goomai relies heavily on *Black's Law Dictionary*—as does the dissent and as did the court of appeals below—which defines a "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded," *Black's Law Dictionary* (11th Ed. 2019). But that definition does little to advance his

---

comments bring to mind Shakespeare's "doth protest too much" observation, they do not deserve a response. The dissent then shifts gears and contends that Goomai is somehow a prevailing party under the Deceptive Trade Practices Act because he prevailed on a nonfee-eligible claim. The dissent neglects to mention, however, that the federal precedent on which it relies, *see* dissenting opinion at ¶ 33, deals exclusively with pendent jurisdiction over state-law claims in federal civil-rights actions. On top of that, the United States Supreme Court case the dissent cites, *Maher v. Gagne*, 448 U.S. 122 (1980), makes clear that the availability of fees for pendent jurisdiction over state-law claims in federal civil-rights actions derives from the principle of constitutional avoidance under which a court should not decide a constitutional issue if a case can be resolved on another ground, *id*. at 132, fn. 15—a principle that has no relevance to this case involving exclusively nonconstitutional, state-law claims.

position. It ignores that the statute at issue specifically ties prevailing-party status to "a civil action for actual damages," R.C. 4165.03(A)(2)

{¶ 20} But even if the statute were not explicit in requiring *actual damages,* Goomai's reading of the dictionary definition does not support his conclusion that attorney's fees may be awarded even when a jury has declined to award actual damages on a deceptive-trade-practices claim. It is possible to read the phrase "regardless of the amount of damages awarded" the way Goomai suggests, meaning that a zero-damage award would suffice to make a plaintiff a prevailing party, though such a thought would be better expressed by saying "regardless of whether damages are awarded." But it is at least equally plausible to read that phrase to suggest that at least some amount of damages must be awarded. Any doubt about the matter, however, is cleared up by the rest of the *Black's* entry, which explicitly references *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 603 (2001). In that case, the United States Supreme Court explained that "prevailing party" was a legal term of art. *Id.* It then recited the *Black's* definition—the one relied on by Goomai—and explained in the next sentence that "*this* view that a 'prevailing party' is one who has been awarded *some* relief by the court can be distilled from our prior cases" (emphasis added), *Buckhannon Bd.* at 603.

{¶ 21} The most recent edition of *Black's Law Dictionary* makes it even more explicit that its definition is consistent with the understanding that to be a prevailing party, a party must obtain some relief. *See Black's* (12th Ed. 2024). The entry for "prevailing party" provides a quotation in addition to the definition, which reads:

"The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, allows 'the prevailing party' in certain civil rights actions, including suits brought under § 1983, to recover

> 'a reasonable attorney's fee.' A plaintiff 'prevails,' we have held, 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.' " *Lefemine v. Wideman*, 568 U.S. 1, 4, 133 S.Ct. 9, 11 (2012) (citations omitted).

*Id. Black's* includes a "Guide to the Dictionary," which tells us that "[m]ost quotations are included because they provide information or nuances that would not be otherwise available within the strict confines of a traditional definition." *Id.* at XX, XXIII. Thus, *Black's Law Dictionary* further undermines Goomai's argument that a plaintiff who fails to materially alter the legal relationship between the parties may be a prevailing party.

{¶ 22} Goomai also cites *Ballentine's Law Dictionary*, which explains that whether one is a prevailing party does not depend on the "degree of success at different stages of the suit; but upon whether at the end of the suit or other proceeding, the party, who has made a claim against the other, has successfully maintained it." (3d Ed. 1969). This definition is perfectly consistent with our holding today. A party who fails to obtain a material alteration of the legal relationship of the parties—through actual damages or injunctive relief—has not "successfully maintained" a claim under the Ohio Deceptive Trade Practices Act.

### III. CONCLUSION

{¶ 23} Goomai and Hajbi are not entitled to attorney's fees under the Deceptive Trade Practices Act because they were not prevailing parties. A moral victory is not a legal victory. We reverse the First District Court of Appeals' judgment and reinstate the trial court's judgment.

Judgment reversed.

———————————

**BRUNNER, J., joined by DONNELLY and STEWART, JJ., dissenting.**

{¶ 24} Appellees, Niv Goomai and Bar Hajbi (collectively, "Goomai"), filed this suit against appellants, H&E Enterprise, L.L.C ("H&E"), Ohad Investment Group, and Avi Ohad. A jury found that H&E had breached its contract with Goomai and awarded Goomai $30,604.09 in damages on that claim. The jury also found that H&E and Avi Ohad had violated Ohio's Deceptive Trade Practices Act, R.C. 4165.01 et seq., but it awarded Goomai $0 in damages for that violation.

{¶ 25} This appeal is focused on Goomai's eligibility for attorney's fees. As the majority notes, attorney's fees are generally not recoverable unless they are authorized by a statute or contract. That means Goomai was not eligible to receive attorney's fees for H&E's breach of contract. But R.C. 4165.03(B) empowers a trial court to award attorney's fees to the "prevailing party" in a Deceptive Trade Practices Act claim. The issue before us is whether Goomai is a "prevailing party" in light of the jury's award of $0 in damages on his claim under that act.

{¶ 26} The majority holds that Goomai is not a "prevailing party" under R.C. 4165.03(B). I disagree. R.C. 4165.03(B) provides:

> The court may award in accordance with this division reasonable attorney's fees to the prevailing party in either type of civil action authorized by division (A) of this section. An award of attorney's fees may be assessed against a plaintiff if the court finds that the plaintiff knew the action to be groundless. An award of attorney's fees may be assessed against a defendant if the court finds that the defendant has willfully engaged in a trade practice listed in division (A) of section 4165.02 of the Revised Code knowing it to be deceptive.

The General Assembly has not defined "prevailing party." However, the language of R.C. 4165.03(B) provides context for its meaning. The term is used only in the first sentence of the statutory provision, and it is contained in the part of the statute that authorizes the awarding of attorney's fees. That part of the statute does not distinguish between plaintiffs and defendants. Nor does it place conditions on when a party may be considered a prevailing party. Instead, in its second and third sentences, the statute awards attorney's fees when the *non*prevailing party had a sufficiently culpable mental state.

{¶ 27} This contextual analysis demonstrates that the General Assembly used "prevailing party" in its broad, conventional sense. "Prevailing party" is defined in *Black's Law Dictionary* as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Black's Law Dictionary* (11th Ed. 2019). As the First District Court of Appeals stated, "Under this definition, the relief obtained is immaterial to a party's status; what matters is whether the party obtained judgment in its favor." 2023-Ohio-3901, ¶ 20 (1st Dist.). The statute then provides that only a subset of parties who obtain a judgment in their favor can also obtain attorney's fees—those who show that the other side engaged in particularly unjustifiable conduct.

{¶ 28} Thus, the plain language of the statute shows that Goomai is a prevailing party. The fact that he obtained no award of damages on his claim under the Act does not alter or affect the fact that he has prevailed according to R.C. 4165.03(B) by obtaining a judgment holding that H&E and Ohad violated the Act through their conduct against Goomai. I therefore believe that this court should affirm the judgment of the court of appeals. *See* 2023-Ohio-3901 at ¶ 34 (1st Dist.).

{¶ 29} The majority divines that the plain text of R.C. 4165.03(B) requires a plaintiff to obtain either injunctive relief or actual damages to be a "prevailing party." This deduction is anathema to the plain reading of the statute, and "prevailing party" should be understood simply for its words as used in the statute.

**{¶ 30}** Instead, the majority jumps to the conclusion that R.C. 4165.03(B)'s language "in either type of civil action authorized by division (A) of this section" supports a conclusion that a plaintiff must have been awarded either an injunction or damages:

> The Act . . . ties prevailing status to the two types of civil actions authorized by the Act: a claim for actual damages or a claim for injunctive relief. Thus, to be entitled to attorney's fees under the Act, a plaintiff must prevail by obtaining actual damages or equitable relief.

Majority opinion, ¶ 10. This construction is nonsensical; it is reminiscent of Humpty Dumpty's dialogue with Alice in Lewis Carroll's *Through the Looking Glass*: "'When I use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean—neither more nor less.' " Lewis Carroll, *Through the Looking-Glass* 364 (1871), available at https://www.gutenberg.org/cache/epub/12/pg12-images.html (accessed November 13, 2024) [https://perma.cc/ZW8M-RRFC]. Even children learn through this allegory that wanting something to be a certain way does not mean that applicable rules will permit it. As adults who practice in the legal field, we protect and promote the rule of law as a means of extending fairness, honesty, and predictability to those who petition for redress of their grievances. In doing so, we eschew the ridiculousness of results-oriented legal interpretation.

**{¶ 31}** Using R.C. 4165.03(B) to insert meaning that does not exist in R.C. 4165.02(A)(2) has caused the majority to succumb to the pitfalls of arbitrarily limiting words, forcing them into narrow and contextually unfounded categories. The phrase "in either type of civil action authorized by division (A) of this section," as found in R.C. 4165.03(B), does not and should not limit the term "prevailing

party" for actions brought under R.C. 4165.02(A). To hold otherwise imposes meaning that does not exist and, worse, may create the impression that this court cares more about the outcome of the litigation than the plain language written in the law.

{¶ 32} The majority further looks to federal case law to help it form the meaning of the state statutory term "prevailing party." *See, e.g.*, *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"). But this effort falls short because the majority does not consider case law that involves the precise situation we are confronted with here: a case in which a party has pursued *both* a fee-eligible claim *and* a nonfee-eligible claim.

{¶ 33} Several federal courts *have* held that a party that obtains damages on a nonfee-eligible claim and a favorable judgment but no damages on a related fee-eligible claim is still a "prevailing party." *See, e.g.*, *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58-59 (2d Cir. 1996) (holding that the plaintiff was a "prevailing party" when she obtained a favorable verdict on both fee-eligible and nonfee-eligible claims but obtained damages on only the nonfee-eligible claims); *Hall v. Western Prod. Co.*, 988 F.2d 1050, 1055-1056 (10th Cir. 1993) (plaintiff who had obtained damages on a nonfee-eligible claim but only a favorable verdict and $0 in damages on the fee-eligible claim was still the prevailing party); *see also Maher v. Gagne*, 448 U.S. 122, 132, fn.15 (1980), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that when a plaintiff wins and obtains relief on a nonfee-eligible claim and the court declines to address a fee-eligible claim, the plaintiff is a "prevailing party" under 42 U.S.C. 1988 as long as the nonfee-eligible claim arises out of a "'common nucleus of operative fact'"). These holdings offer strong support that Goomai is a "prevailing party" under R.C. 4165.03(B). Goomai's lawsuit should not be dissected to quash his

prevailing-party status under R.C. 4165.03(B) and 4165.03(A)(2). Goomai prevailed on important claims in his action, regardless of whether those claims resulted in money damages. That his claims resulted in a judgment in his favor on the law is what makes him a prevailing party.[4]

{¶ 34} We are not the legislature. Our review should conform to the law and not vice versa. If the legislature does not agree with our review, then it—rather than this court—should "right the ship" according to its policy views.

{¶ 35} I would therefore affirm the judgment of the First District Court of Appeals. Because the majority reverses, I respectfully dissent.

———————————

Gary F. Franke Co., L.P.A, Gary F. Franke, and Michael D. O'Neill, for appellant.

Manley Burke, L.P.A., Ilana L. Linder, and Emily Cooney Couch, for appellee.

———————————

_____

4. By the majority's logic, a damages award of $1.00 would be meaningfully different from an award of $0 for purposes of deciding whether a plaintiff may recover attorney's fees. The majority would deem the former a prevailing party entitled to recover hundreds or potentially thousands of dollars in attorney's fees, but not the latter. The majority makes no effort to explain how the text of R.C. 4165.03(B) supports such a distinction. Instead, it points to the United States Supreme Court's statement in *Farrar* that "'[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief the only reasonable fee is usually no fee at all.'" (Citation omitted.) Majority opinion at ¶ 12, fn. 2, quoting *Farrar* at 115. But this line from *Farrar* only highlights the fact that the majority is not engaging with case law on the precise situation at issue here. When a plaintiff obtains damages on a nonfee-eligible claim and only *nominal* damages on a fee-eligible claim, *Farrar* is "plainly distinguishable," *Jama v. Esmor Correctional Services, Inc.*, 577 F.3d 169, 174 (3d Cir. 2009), and the plaintiff's success on the nonfee-eligible claim should be taken into account when awarding attorney's fees. *See id.* at 174-180 (plaintiff that received only nominal damages on fee-eligible claim but more than nominal damages on the litigation as a whole entitled to award of fees). Finally, the majority criticizes its own reasoning when it points out that these cases involve pendant jurisdiction over state-law claims in federal civil-rights suits, as this opinion discusses federal case law only in response to the majority's invocation that federal case law is "persuasive," *id.* at ¶ 13.